UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THADDEUS BANIA, | Civil No. 10-2212 (SRN/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| FEDERAL BUREAU OF PRISONS, WENDY ROAL, et al., | |
| Respondents. | |

Thaddeus Bania, Federal Prison Camp – Duluth, P.O. Box 1000, Duluth, Minnesota, 55814, Petitioner, pro se.

Chad A. Blumenfield, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondents.

FRANKLIN L. NOEL, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the application of Thaddeus Bania for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been fully briefed by the parties, and referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be denied, and that this action be dismissed.

**I. BACKGROUND**

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota, ("FPC-Duluth"). He is serving a 40-month federal prison sentence that was imposed in August 2009 in the United States District Court for the Northern District of Illinois. Petitioner was sentenced after being convicted on various federal criminal charges involving

embezzlement, theft from a labor organization and mail fraud.  According to Respondents, Petitioner is scheduled to be released from prison on November 28, 2012.  (Declaration of Angela Buege, [Docket No. 5], ¶ 3.)

Petitioner is not presently challenging his conviction, the sentence imposed by the trial court, or the expected duration of his sentence.  Instead, Petitioner is seeking a writ of habeas corpus that will allow him to temporarily leave prison for 30 days, so he can spend some time with his parents and his terminally ill aunt.  Petitioner wants to "comfort [his] only aunt in her final days of suffering while she battles terminal cancer;" he wants to "provide continuing support, advice and assistance pertaining to her estate regarding financial, tax and personal family business matters while she is still of sound mind;" and he wants to "prepare, support and comfort [his] parents" while they cope with the impending loss of "a sister, sister-in-law and aunt that has always been very close to [his] family throughout the years."  (Petition, [Docket No. 1], Attachment, p. 1.)

Petitioner has previously asked a correctional counselor at FPC-Duluth for a furlough, so that he could visit his ailing aunt and his parents.  (Declaration of Angela Buege, [Docket No. 5], ¶ 8 and Attachment B.)  That request was denied.  Petitioner did not pursue any further administrative requests for a furlough.  (Id.)  Instead, he has elected to ask the federal court to grant him a temporary release from prison.

Petitioner stresses that he is not seeking any net reduction in his sentence.  He suggests that if he is temporarily released from prison for a certain number of days, then his final release date should be postponed for that same number of days.  (Petition, p. 4.) Petitioner has asked to be released during a certain specified 30-day time period that has already expired.  However, he has also indicated that if he cannot be released during that

particular 30-day period, then he would like to be released for 30 days immediately after "the actual date of this Court's order." (Id.)[1]

For the reasons discussed below, the Court finds that Petitioner cannot be granted the relief he is seeking, and that his habeas corpus petition should therefore be denied.

## II. DISCUSSION

Respondents contend that Petitioner is seeking a "furlough" from prison, and that such furloughs are governed by federal statutes and regulations. The statute that authorizes the federal Bureau of Prisons, ("BOP"), to grant furloughs is 18 U.S.C. § 3622(a), which provides as follows:

> "The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--
>     (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of--
>         (1) visiting a relative who is dying;
>         (2) attending a funeral of a relative;
>         (3) obtaining medical treatment not otherwise available;
>         (4) contacting a prospective employer;
>         (5) establishing or reestablishing family or community ties; or
>         (6) engaging in any other significant activity consistent with the public interest."

---

[1] Petitioner originally asked to be released from prison beginning on June 5, 2010. Although that date passed long ago, Petitioner has recently confirmed that he is still seeking an order that would grant him a temporary release from prison. (See Letter from Petitioner dated January 19, 2011; [Docket No. 10].) Thus, the Court has no reason to believe that Petitioner's habeas corpus petition has become moot.

The apposite regulations are found at 28 C.F.R. §§ 570.30-.37. Additional administrative guidelines pertaining to furloughs are prescribed by a "Program Statement" adopted by the BOP. (See Declaration of Angela Buege, [Docket No. 5], Attachment C, Program Statement 5280.08.)

According to Respondents, Congress has given the BOP the exclusive authority to grant furloughs. They contend that the federal courts have no role to play in the furlough process, and have no authority to oversee, or second guess, furlough decisions made by the BOP.[2]

Petitioner claims that all of Respondents' arguments based on the furlough statute and regulations are inapposite. He contends that he is not actually seeking a furlough, per se, and he is not asking the Court to review any furlough ruling by the BOP. (See Petitioner's "Reply To Government Response To Petition For Writ Of Habeas Corpus Pursuant 28 U.S.C. § 2241," [Docket No. 7], p. 2, ¶s 3-4.) Petitioner believes that the "All

---

[2] Respondents also contend that Petitioner cannot be granted the relief he is seeking in this case, because he did not exhaust his administrative remedies before filing his current habeas corpus petition. Normally, a prisoner seeking habeas corpus relief under § 2241 must exhaust his administrative remedies, before filing a habeas corpus petition. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974); United States v. Sithithongtham, 11 Fed.Appx. 657, 658 (8th Cir. 2001) (per curiam) (unpublished opinion). However, the statutory exhaustion requirement that applies to prisoner civil rights cases, (42 U.S.C. § 1997e(a)), does not apply to § 2241 habeas cases. Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir.), cert. denied, 541 U.S. 1036 (2004). The exhaustion requirement that applies to § 2241 habeas corpus cases is a common law doctrine, (id.), and as such, it is somewhat more flexible than the strict statutory exhaustion requirement that applies to civil rights cases. In this particular case, Petitioner contends that he should be excused from the exhaustion requirement, because time is of the essence due to the circumstances giving rise to his petition. For present purposes, the Court will grant Petitioner's request to be excused from the exhaustion of administrative remedies requirement, and address his substantive claim for relief.

Writs Act," 28 U.S.C. § 1651(a), empowers federal courts the to release federal prisoners from prison, (at least temporarily), regardless of any furlough decision made by the BOP. According to Petitioner, federal courts possess an autonomous judicial authority to grant an "interruption of sentence" under the All Writs Act, which is separate and distinct from the BOP's statutory and regulatory authority to grant "furloughs." Thus, Petitioner contends that "a furlough request is not the issue before the Court." (Id.)

It does appear that Respondents may have misapprehended the true gist of Petitioner's argument – i.e., that federal courts possess an autonomous authority to grant an "interruption of sentence," which is independent from the BOP's statutory authority to grant furloughs. However, the Court flatly rejects Petitioner's contention that the All Writs Act gives the federal courts a freestanding, (and presumably unrestrained), power to release prisoners from federal prison, which can be exercised however a court sees fit.

The All Writs Act states that:

"The Supreme Court and all courts established by Act of Congress may issue all writs <u>necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law</u>."

28 U.S.C.A. § 1651(a) (emphasis added). The highlighted language of the statute shows that federal courts are not granted an unfettered authority to enter any writ or order that might advance their own self-determined notions of justice. See N.A.A.C.P. v. Metropolitan Council, 144 F.3d 1168, 1171 (8th Cir.) ("'the All Writs Act is not a jurisdictional blank check [that] district courts may use whenever they deem it advisable'") (citation omitted), cert. denied, 525 U.S. 826 (1998).

The Supreme Court has explained that –

> "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. <u>Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling</u>. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue <u>ad</u> <u>hoc</u> writs whenever compliance with statutory procedures appears inconvenient or less appropriate."

<u>Pennsylvania Bureau of Correction v. U.S. Marshals Service</u>, 474 U.S. 34, 43 (1985) (emphasis added).

In this case, Petitioner is attempting to use the All Writs Act to circumvent the federal statute and regulations governing the temporary release of federal prisoners. That cannot be done. Congress has given the BOP – not the courts – the authority to grant temporary releases to federal prisoners. See <u>United States v. Premachandra</u>, No. 95-2871 (8th Cir. 1996) (<u>per</u> <u>curiam</u>), 1996 WL 102567 (unpublished opinion) at *1 ("18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts").

Congress has enacted a statute, (§ 3622(a)), that specifically authorizes the BOP to grant a temporary release to a federal prisoner for the purpose of "visiting a relative who is dying" – which is exactly what Petitioner is seeking here. Because there is a statute that specifically addresses the request presented in this case, it is that statute – not the All Writs Act – that must serve as the controlling legal authority in this case. Thus, the Court cannot accept Petitioner's contention that the All Writs Act empowers the Court to grant him the writ of habeas corpus that he is presently seeking.

Petitioner has cited six cases in which federal prisoners have been granted an "interruption of sentence" in special circumstances that are somewhat similar to those presented in his current petition. However, the Court does not find those six cases to be

persuasive authority for the relief Petitioner is seeking, for several reasons.[3]

First, none of the "interruption of sentence" orders cited by Petitioner identifies any supporting legal authority. Indeed, none of the orders consists of much more than a single paragraph, and none of the orders includes any discussion of any statutes, case law, or legal principles. Therefore, the orders cited by Petitioner do not provide any meaningful legal support for the arguments that he is advancing here.

Second, in all of the cases cited by Petitioner, the prisoner sought relief by filing a motion in the original sentencing court; none involved a habeas corpus petition like the one now before this Court.[4] It appears that the sentencing courts in those cases may have believed that their jurisdiction and authority to impose the original sentence provided the jurisdiction and authority needed to later modify that sentence by granting an "interruption of sentence." That reasoning would not be applicable here, because Petitioner has not presented his current request to the court that sentenced him.[5]

---

[3] The six cases are cited at pp. 2-4 of the attachment to Petitioner's current petition. The relevant motions and orders in each of these cases are accessible to the Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal courts, and each of these motions and orders has been reviewed.

[4] Several of the prisoners in the cases cited by Petitioner explicitly argued that they filed their motions in the sentencing court, because that was the only court that could provide the relief they were seeking. Each of those prisoners contended that an "interruption of sentence" could not be obtained by means of a § 2241 habeas corpus petition filed in the federal district court for the district in which he was confined.

[5] It is impossible to actually know the purported legal basis, (if any), for any of the orders cited by Petitioner, because there was no discussion of the law in any of those orders. This Court has no cause to consider whether a sentencing court does, or does not, have the jurisdiction and authority to grant an "interruption of sentence," and that issue will not be explored here.

Finally, and most importantly, the Court notes that neither the BOP, nor anyone else, filed any opposition to the motions seeking an "interruption of sentence" in the cases cited by Petitioner.[6] The Court finds this absence of opposition to be highly significant. As discussed above, Congress has given the BOP – not the courts – the authority to temporarily release a federal prisoner. 18 U.S.C. § 3622(a). If the BOP acquiesces to a prisoner's request for a temporary release, then a federal court presumably could order such a release without usurping the authority that Congress has given to the BOP. In the present case, the BOP has expressly opposed Petitioner's request for a temporary release from prison. Thus, the Court could not grant Petitioner's request without disregarding or overriding the BOP's congressionally bestowed authority.

The cases cited by Petitioner are not the only ones in which a federal prisoner has asked a federal court for a temporary release from prison. In other cases, the courts have given more careful consideration to the issue of whether such relief can be granted over the objections of the BOP. In each of those cases, the court expressed doubt about its authority to grant an "interruption of sentence," or else flatly rejected that proposition. See United States v. Stevens, No. 04-CR-111-C (W.D.Wis. 2007), 2007 WL 5595912 at *1 ("[i]t is not clear to me that a court has authority to issue an order for interruption of sentence"); United States v. Reed, No. 01-CR-20062 (C.D.Ill. 2008), 2008 WL 4822045 at *2 ("[t]his court, at this time, without further guidance on the issue from the Seventh Circuit, agrees that it does not have jurisdiction to grant a temporary interruption of sentence and that that power remains exclusively with the Bureau of Prisons"); United States v. Greer, No. 03-CR-

---

[6] In some of the cases, the order granting an interruption of sentence expressly pointed out that the Government did not oppose the prisoner's request.

194 (E.D.Wis. 2010), 2010 WL 3279335 at *1 (rejecting prisoner's request for an "interruption of sentence" under the All Writs Act so he could "attend the funeral of his uncle and comfort his family"). See also United States v. Watson, No. 2:07cr145-MHT (M.D.Ala. 2009), 2009 WL 1370915 at *1 (noting that "[n]o language in the statute [§ 3622(a)(2)] grants district courts the authority to order or approve a furlough request"). These cases are more well-reasoned than the cases cited by Petitioner.

The Court does not mean to suggest that the BOP's furlough decisions are never reviewable in federal court. If a furlough decision has violated federal law or the Constitution, then relief might be available by means of a § 2241 habeas corpus petition. If, for example, a prisoner could show that a furlough decision violated his First Amendment rights, his right to equal protection, or his right to due process, then perhaps he could present an actionable habeas corpus claim. Here, however, Petitioner has not presented any claim based on the Constitution. In fact, he expressly disavows any claim that he has been deprived of a constitutionally protected liberty interest without due process. See Petitioner's "Reply To Government Response To Petition For Writ Of Habeas Corpus Pursuant 28 U.S.C. § 2241," [Docket No. 7], p. 2, ¶ 4.[7]

Again, Petitioner claims that the All Writs Act gives the federal courts an independent and unrestricted power to grant federal prisoners an "interruption of sentence" at any time, and without regard to any related "furlough" decision that might be made by the BOP. That

---

[7] Any attempted due process claim would most likely fail in any event, because it is highly doubtful that a federal prisoner could establish that he has a liberty interest in a furlough that warrants the protections of due process. See Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986) (prisoner "had no protected liberty interest in receiving a transfer or furlough").

9

claim must be rejected. By enacting § 3622(a), Congress has empowered the BOP – not the federal courts – to temporarily release federal prisoners. The Supreme Court has plainly stated that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." <u>Pennsylvania Bureau of Correction</u>, 474 U.S. at 43. Because § 3622(a) specifically addresses the issue presented in this case – i.e., whether Petitioner should be granted a temporary release from prison – this Court can<u>not</u> grant Petitioner an "interruption of sentence" under the All Writs Act. If Petitioner wants to visit his aunt before he serves out his prison term, he will have to persuade the BOP to grant him a furlough pursuant to the federal statute that governs the temporary release of federal prisoners – § 3622(a).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**; and

2.  This action be **DISMISSED WITH PREJUDICE**.

Dated: February 24, 2011

<u>s/ *Franklin L. Noel*     </u>
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 10, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo

determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.